## THE JOHN T. WILLIAMS.

## THE R. J. MORAN.

### BARNEY DUMPING–BOAT CO. v. THE JOHN T. WILLIAMS.

### APPLEGATE v. THE R. J. MORAN.

(District Court, S. D. New York. June 11, 1895.)

COLLISION—TOW AND SAIL—WEARING ROUND—INATTENTION—LOOK OUT.

The schooner J. T. W. bound down the North river hauled stern first out of her slip, Jersey City, in the ebb tide, and her stern being swung down, she wore round, the wind being from the Jersey shore, and in doing so came in collision with a tow on a hawser from the tug M. going up in about mid-river. *Held*: (1) The W. was in fault for dilatoriness and inattention, in not effecting a reasonably speedy turn. (2) The M. was in fault for lack of sufficient attention to the slow turn of the W. and delay of effective efforts to haul away.

These were libels filed respectively by the Barney Dumping-Boat Company against the schooner John T. Williams, and by Ivans D. Applegate against the steam tug R. J. Moran, to recover damages resulting from a collision.

Carpenter & Park, for Barney Dumping-Boat Co.

Owen, Gray & Sturges, for the John T. Williams and the R. J. Moran.

BROWN, District Judge.    I find that the schooner John T. Williams having backed out of the slip at the foot of Morris street in the ebb tide, naturally swung her stern down, and being bound out to sea with the wind about west-north west wore around so slowly that before she had got headed straight down she came in contact with the Barney Dumping-Boat Company's dumper, which was going up river in tow of the Moran on a hawser; that her navigation in wearing around in this manner was negligent, in that no good lookout was kept ahead, nor any pains taken to come around quickly, no attention being given to the management of the main sail, and all the crew being forward; and that there was no diligence in endeavoring to bring the ship around quickly, either by the captain or by the men forward; that the collision was about in mid-river; and that it is faulty and blameable navigation for a schooner to proceed in that manner, having reference to the custom of towing on a hawser, and the difficulty that tugs with such tows have in performing the duty of keeping out of the way of sailing vessels; and that, therefore, it was the duty of the sailing vessel to use reasonable and appropriate means to avoid careless and misleading navigation.

2. I find the Moran is in fault for not giving sufficient attention to the course of the schooner, which, had it been observed in time, would have been seen to threaten danger before she was within a few hundred feet of the Moran, when it was too late for the Moran to make any effectual maneuvers to aid her tow; that had the Moran observed the very slow coming about of the schooner in wearing around, she would have been able, as it was her duty, to

haul her tow to starboard, and that she might have done so sufficiently to avoid collision.

3. I do not find any error in the management of the tow which should be considered as amounting to legal fault. What was done by the tow was done practically in extremis.

The Moran and the Williams are both in fault. Decrees should be entered accordingly.